

Benjamin I. Siminou
Partner

591 Camino de la Reina, Suite 1025, San Diego, CA 92108
(619) 704-3288 | bsiminou@singletonschreiber.com

May 1, 2025

Molly Dwyer, Clerk of Court *Via ECF / ACMS*
U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** ***Pamela Siino v. Foresters Life Insurance and Annuity Company*** **(Case Nos. 23-16176 and 23-16189)**
**Recent Authority Letter (Fed. R. App. P. 28(j))**

Dear Ms. Dwyer,

We write to identify two recent developments supporting Appellee Pamela Siino's request for certification to the California Supreme Court. (ECF No. 49.)

*First*, the California Supreme Court accepted certification of a question of state law concerning the Statutes in *Pitt v. Metropolitan Tower Life Ins. Co.*, 129 F.4th 583 (9th Cir. 2025). (*See* Ex. A.) There was significant amicus support for certification in *Pitt*, including to provide controlling California authority on the causation issue this Court addressed, without controlling precedent, in *Small v. Allianz Life Ins. Co.*, 122 F.4th 1182 (9th Cir. 2024).

When interpreting the Statutes in *Pitt*, the California Supreme Court has expansive authority to consider the causation issue raised in this case. *See* Cal. Rule of Court 8.548(f). In *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021), the court provided extensive guidance on the Statutes. When interpreting the Statutes in *Pitt*, the court is similarly likely to provide extensive guidance. It naturally flows from the *Pitt* certified question, asking *whether* the Statutes apply, to consider, as Siino raises, *how* the Statutes apply.

*Second*, the U.S. Supreme Court is considering a certiorari petition challenging this Court's refusal to certify a question of state law to the California Supreme Court. This petition (filed by the same counsel representing Allianz Life Insurance Company of North America in *Small*) argues that a circuit split on certification standards warrants review at the highest level. (*See* Ex. B.) The Supreme Court recently ordered the respondent, after a waiver, to address the petition. *Premium Nutrition Corp. v. Montera*, No. 24-999 (Apr. 9, 2025).

If certiorari is granted in *Premium Nutrition*, Siino expects to seek certiorari herself to preserve the option of remand to this Court to revisit whether her motion to certify (ECF No. 49), should have been granted.

Given the *Pitt* certification and possible review of certification standards in *Premium Nutrition*, this Court should certify the causation question to the California Supreme Court. Failing that, it should defer ruling on Siino's petition for rehearing, to be filed May 15, and issuance of the mandate until the outcome of those cases.[1]

Sincerely,

*/s/ Benjamin I. Siminou*
Benjamin I. Siminou
SINGLETON SCHREIBER, LLP

---

[1] The body of this letter is 350 words and therefore complies with the length limit under Fed. R. App. P. 28(j) and Cir. R. 28-6.