# McDowell Hetherington LLP

Jarrett E. Ganer
1001 Fannin Street
Suite 2400
Houston, TX 77002

**VIA ECF**

May 9, 2025

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103-1526

Re: *Siino v. Foresters Life Ins. & Annuity Co.*, No. 23-16176
    Defendant-Appellant's Response to Plaintiff-Appellee's Recent Authority Letter

Dear Ms. Dwyer:

Foresters Life Insurance and Annuity Company ("FLIAC") hereby responds to Pamela Siino's ("Siino") Recent Authority Letter under Federal Rule of Appellate Procedure 28(j), filed on May 1, 2025. (ECF No. 72). Siino's letter is deficient in several respects.

First, there is no operative motion for which Siino's letter supports. Siino's supposed "request for certification" is, in fact, a motion seeking "joinder" to a now-denied motion to certify. *See Moriarty v. Am. Gen. Life Ins. Co.* (ECF No. 79). Because her underlying motion is moot, Siino's letter is inapplicable, and the Court should not consider it.[1]

Second, the certified question in *Pitt* is narrow, pertaining only to "policies originally issued or delivered in another state." *See Pitt v. Metro. Tower Life Ins. Co.*, 129 F.4th 583, 585 (9th Cir. 2025). As written, it has no bearing on policies like Siino's that were undisputably issued, delivered, and maintained in California.

Third, citing what could be considered "authority" by only the loosest of definitions, Siino points to a Petition for Writ of Certiorari filed in *Premier Nutrition* to suggest that the Supreme Court's possible future alteration of appellate certification standards is dispositive. But the petition acknowledges that "[f]ederal forecasting is sufficient for run-of-the-mill issues" for which state law can be cleanly applied. Thus, regardless of *Premier*'s outcome, this Panel's decision will stand. *See Siino v. Foresters Life Ins. & Annuity Co.*, 133 F.4th 936, 949 (9th Cir. 2025) (addressing

---

[1] Siino's letter is also procedurally deficient because it fails to "promptly advise" the clerk of "pertinent and significant authorities," and further fails to refer "either to the page of the brief or to a point argued orally." *See* FRAP 28(j). Moreover, Siino's letter is deficient to the extent she seeks to misuse Rule 28(j) as a vehicle to bring a motion to certify before this Court.

MH McDowell
Hetherington LLP

May 9, 2025
Page **2** of **2**

causation as "a straightforward inquiry in the context of Siino's claims"). Siino fails to explain how the *Premier* criteria, if adopted, could plausibly lead to a different result.

The Court should not certify a question, defer ruling on Siino's petition for rehearing, or delay issuance of the mandate.

Respectfully submitted,

Jarrett E. Ganer

*Counsel for Defendant-Appellant Foresters Life Insurance and Annuity Company*

Word Count: 350

cc: All counsel of record (via ECF)